IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAM HATCHER,                          §
                                      §
              Plaintiff,              §
                                      §
v.                                    §        Civil Action No. 3:06-CV-0350-L
                                      §
AMREP, INC., et al.,                  §
                                      §
                                      §
              Defendants.             §

## MEMORANDUM OPINION AND ORDER

In the process of reviewing the status of this case, the court **determines** *sua sponte* that it

lacks subject matter jurisdiction over it.  Specifically based on the pleadings and notice of removal,

the court concludes that Defendant Amrep, Inc. ("Amrep") fails to affirmatively and distinctly allege

the basis for the court having subject matter jurisdiction of this action.

### I.  Background

Plaintiff Sam Hatcher ("Hatcher" or "Plaintiff") filed this suit against Defendants Amrep,

Joseph Seladi ("Seladi"), Kevin Gallagher ("Gallagher"), Mark E. Mansour ("Mansour") and MCM

Capital Partners, L.P. ("MCM") (collectively, "Defendants") on January 31, 2006 in County Court

at Law Number 4, Dallas County, Texas.  This action arises from contractual dispute regarding

Plaintiff's employment and termination.   He sues Defendants for breach of contract, unjust

enrichment/promissory estoppel, and fraud.  He seeks damages and attorney's fees.  Amrep removed

this action to federal court on February 24, 2006,[*] because this is "a civil action between citizens in

---

[*]Defendants MCM, Seladi, Gallagher, and Mansour had not been served at the time the case was removed; however, Amrep stated, "It is anticipated that all other defendants, who currently have not been served with summons, will consent to the removal of this case to federal court."  Notice of Removal ¶ 6. Defendants MCM, Seladi and Mansour consented in writing after the case was removed.  MCM filed an

different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." Notice of Removal at 2.

## II. **Subject Matter Jurisdiction Standard**

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute, they lack the power to adjudicate claims and must dismiss an action if it appears that subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between or among the parties. 28 U.S.C. §§ 1331, 1332. Diversity is proper only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See*

---

answer after removal, and Defendants Seladi, Gallagher, and Mansour have not been served.

**Memorandum Opinion and Order – Page 2**

*Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5ᵗʰ Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5ᵗʰ Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5ᵗʰ Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5ᵗʰ Cir. 1985). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5ᵗʰ Cir. 1998). Thus, Plaintiff must establish federal subject matter jurisdiction.

### III.  Analysis

The court has reviewed the Notice of Removal, Civil Cover Sheet and Plaintiff's Original Petition. MCM is a limited partnership "chartered under the laws of the State of Ohio." Plaintiff's Original Petition ¶ 7. Nothing in the record, however, sets forth or alleges the citizenship of each of its partners. Moreover, the names of the partners are not mentioned anywhere in the record. It is not incumbent upon the court to guess or speculate as to the basis of the partners' citizenship. By

failing to set forth adequately the citizenship of each of MCM's partners, Defendants have failed to demonstrate that complete diversity of citizenship exists, as required for this court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Remand is therefore mandatory.  *Stafford*, 945 F.2d at 805.

## IV.  Conclusion

For the reason stated herein, the court, *sua sponte*, **determines** that it lacks subject matter jurisdiction to adjudicate this action.  Accordingly, the court hereby **remands** this action to County Court at Law Number 4, Dallas County, Texas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.   The clerk of court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 31st day of July, 2006.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**